IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WILLARD G. TWADDELL, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 15-564-LPS |
| | : | |
| STANDARD SECURITY LIFE INSURANCE COMPANY OF NEW YORK, | : : : | |
| | : | |
| Defendant. | : | |

### MEMORANDUM ORDER

At Wilmington this **21st** day of **March, 2016**:

Pending before the Court is Plaintiff's Motion to Remand. (D.I. 6) Having reviewed the parties' submissions (D.I. 7, 8, 9, 10), **IT IS HEREBY ORDERED THAT** Plaintiffs' Motion to Remand (D.I. 6) is **GRANTED**.

1. On February 17, 2015, plaintiff Willard G. Twaddell ("Plaintiff"), a resident of Delaware, filed a civil action (D.I. 1 Ex. 1 at 9) (hereinafter "Complaint") against Standard Security Life Insurance Company of New York ("SSLI" or "Defendant"), in the Superior Court of Delaware in and for New Castle County. (D.I. 1 at ¶¶ 1, 4) On March 3, 2015, service of the Summons and Complaint was made on the Delaware Insurance Commissioner, which was SSLI's *statutory agent* for service of process. (D.I. 7 at 1) On March 9, 2015, the Department of Insurance mailed the Summons and Complaint to Corporation Trust Company ("CTC"), SSLI's *registered agent* for service of process. (D.I. 7 Ex. C) On June 4, 2015, SSLI received a letter from Plaintiff's attorney including the Summons and Complaint. (D.I. 8 Ex. A at ¶ 5) SSLI

1

represents that it "has no record of ever receiving the Summons and Complaint from CTC or anyone else prior to receiving them when SSLI received the June 4 Letter." (*Id.* at ¶ 8)

2. Defendant filed a Notice of Removal in this Court on July 1, 2015, contending this Court has subject matter jurisdiction based on diversity of citizenship, 28 U.S.C. § 1332(a). (D.I. 1) On July 27, 2015, Plaintiff filed the Motion to Remand (D.I. 6), arguing that, pursuant to 28 U.S.C. § 1446(b)(1), Defendant's Notice of Removal was not timely and, further, that it is not clear from the face of the Complaint that the amount in controversy exceeds the $75,000 jurisdictional threshold of 28 U.S.C. § 1332(a). (*See* D.I. 7 at 2-3)

3. Pursuant to 28 U.S.C. § 1441, a defendant in a state court proceeding may have the right to remove such a case to federal court if, based upon the face of the filed pleadings, subject matter jurisdiction would have existed in federal court for the plaintiff's claims. Where federal subject matter jurisdiction is based on diversity, there must be both complete diversity of the parties and the requisite jurisdictional amount of at least $75,000. *See* 28 U.S.C. § 1332(a). "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." 28 U.S.C. § 1446(b)(1). The removal statute is "strictly construed against removal and all doubts should be resolved in favor of remand." *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990).

4. The Court agrees with Plaintiff that Defendant did not timely file its Notice of Removal. As noted in the Affidavit of Alison Galante, submitted by Defendant, the record includes evidence that the Summons and Complaint was mailed to CTC – Defendant's **registered agent** for service of process – on March 9, 2015. (D.I. 8 Ex. A at ¶ 8) Even Defendant

acknowledges that "service on SSLI's *registered* agent for service of process in Delaware may potentially begin the running of the removal period." (D.I. 8 at 9) *See also Edling v. IMI Sys., Inc.*, 2002 WL 240135 (N.D. Tex. Feb. 15, 2002) ("[A] defendant's time for removal begins to run from the date of plaintiff's service on the defendant's registered agent"); *Barr v. Zurich Inc. Co.*, 985 F. Supp. 701, 702 (S.D. Tex. 1997) ("[A]s a general rule, a complaint is considered received by a corporation when it is received by an agent authorized to accept service of process."). Importantly, Defendant does not deny that CTC received the Complaint and Summons, and "[t]he common law has long recognized a presumption that an item properly mailed was received by the addressee." *In re Cendant Corp. Prides Litig.*, 311 F.3d 298, 304 (3d Cir. 2002). Instead, Defendant argues only that *it* did not receive the Summons and Complaint until June 4, 2015. (D.I. 8 Ex. A at ¶ 8) Whether or not Defendant itself received the Summons and Complaint from its registered agent is not the relevant inquiry; in Delaware, service on a foreign corporation's registered agent constitutes service on the foreign corporation. *See* 8 Del. C. § 376(a). Because the Summons and Complaint was mailed to Defendant's registered agent (CTC) on March 9, 2015, it is presumed to have been received by CTC, and Defendant does not dispute that it was in fact received by CTC. Hence, the Court – resolving all doubts in favor of remand, *see Boyer*, 913 F.2d at 111 – concludes that Defendant's Notice of Removal was not timely filed within 30 days of receipt of the Summons and Complaint.[1]

---

[1] Defendant also points to evidence that the Department of Insurance sent the Summons and Complaint to Corporation Service Company ("CSC") – as opposed to CTC – which was not SSLI's registered agent for service of process. (*See* D.I. 8 Ex. A at ¶ 6) Even if the Department of Insurance mistakenly mailed the Summons and Complaint to CSC, on or around April 9, 2015 (*see* D.I. 1 Ex. 1 at 3), that does not detract from the evidence that the Department had earlier (on or around March 9) mailed these materials to SSLI's actual registered agent, CTC (*see* D.I. 7 Ex. C).

5. Having found that Defendant's Notice of Removal was untimely under 28 U.S.C. § 1446(b)(1), the Court need not resolve the parties' further dispute regarding the amount in controversy. Nor need the Court address whether service on the Department of Insurance, as the statutory agent for SSLI, would be sufficient to start the clock on a Notice of Removal.

_____<br>
HONORABLE LEONARD P. STARK<br>
UNITED STATES DISTRICT JUDGE